UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| OMAR BILLY<br><br>    Plaintiff,<br><br>    v.<br><br>XTREME FITNESS, INC. d/b/a<br>XSPORT FITNESS,<br><br>    Defendant. | Civil Action No. 1:13-cv-739<br>GBL/TRJ |

**PROPOSED JOINT DISCOVERY PLAN**

Plaintiff Omar Billy and Defendant Xtreme Fitness, Inc., d/b/a XSport Fitness, file this Proposed Joint Discovery Plan pursuant to this Court's October 15, 2013 order. The parties hereby propose the following plan for completion of discovery in this matter:

1. **Certification**. Counsel for Plaintiff and Defendant certify that they have conferred prior to this conference to consider claims, defenses, possibilities of a prompt settlement or resolution of this case, and to arrange for disclosures required by Fed. R. Civ. P. 26(a)(1).

2. **Initial Disclosures**. Rule 26(a)(1) disclosures shall be made on or before November 20, 2013.

3. **Discovery Close**. Discovery is needed on the allegations of the Complaint, the denials and defenses contained in the Answer, and damages. All discovery must be completed by March 14, 2014, pursuant to the Court's October 15, 2013 Order.

4. **Magistrate Judge**. The parties withhold consent to proceeding to trial before a Magistrate Judge.

5. **Preservation of Discoverable Information**. The parties agree to preserve discoverable material.

1

6.      **Depositions and Interrogatory Limits**.  The parties do not, at this time, anticipate the need to take more than five non-party, non-expert witness depositions per party.  The parties further do not anticipate a need to serve more than 30 interrogatories per party, including parts and subparts.  The parties propose that should any party believe that additional depositions or interrogatories become necessary, the parties will confer and endeavor to reach an agreement with regard to any additional discovery requests.  If the parties cannot agree on such an issue then any party may move the Court to decide the issue.

7.      **Discovery of Electronically-Stored Information**.  The parties propose that any relevant, non-privileged electronically-stored information be disclosed and produced in hard copy format or in a searchable Adobe Acrobat ".pdf" format.  Where electronically-stored information cannot, without unreasonable burden or expense, be produced as a .pdf, then the parties may disclose the information in its native format or another format agreed upon by the parties.  When disclosing electronically-stored information in .pdf format, the parties may elect not to include metadata or other information regarding the history of the document.  The parties agree, however, to provide metadata or electronic information regarding the history of any particular documents upon written request by the opposing party, such request to be responded to within 10 calendar days.  But when producing electronically-stored information in its native format, the parties shall produce, to the extent possible, the original and all available versions of the information not otherwise privileged with all meta-data intact.  However, whenever a party becomes aware that any non-privileged electronically-stored information's meta-data is itself responsive to any discovery request, the party shall disclose that information without written request by the other party, without regard for the format in which the electronically-stored information is disclosed.

The parties recognize their obligation, pursuant to the Federal Rules of Civil Procedure, to preserve and produce, if requested in discovery, all relevant, non-privileged documentation,

including electronically-stored information.  Counsel shall work cooperatively to resolve any issues concerning the disclosure or discovery of electronically-stored information.

8. **Expert Discovery**.  The parties propose the following schedule with regard to identification of any expert witnesses:  Plaintiff shall identify expert witnesses and provide the required report from such witnesses on or before January 13, 2014; and Defendant shall identify expert witnesses and provide the required report by such witnesses on or before February 12, 2014; Plaintiff shall thereafter identify any rebuttal experts and provide the required report by such witnesses on or before February 27, 2014.

9. **Authenticity of Documents**.  No party shall dispute the authenticity of any document that that party provides to any other party in this matter unless there are reasonable grounds for doing so.

10. **Witness and Exhibit Lists**.  The parties shall bring to the Final Pretrial Conference on March 20, 2014 the Fed. R. Civ. P. 26(a)(3) disclosures and a list of exhibits to be used at trial, a list of the witnesses to be called at trial, and a written stipulation of uncontested facts.

11. **Exhibits**.  Each party shall exchange the exhibits it intends to use at trial, or copies thereof, with the opposing party on or before March 20, 2014.

12. **Objections to Exhibits**.  Objections to exhibits must be filed no later than March 28, 2014; otherwise the Court will deem the exhibits admitted in evidence.

13. **Settlement Negotiations**.  The parties have, and will continue to, engage in settlement discussions as this case progresses. Nevertheless, the parties believe the case should proceed to discovery, and the parties request that the court issue an initial order and permit discovery to commence.

14. **Privileged Material**.  The parties agree to work in good faith to resolve any issues of privilege or protection of sensitive or confidential information produced during discovery.  The

parties are currently working on the terms of an appropriate Stipulated Confidentiality and Protective Order to be filed with the Court.

15. **Privilege Log**.  The parties propose that any material withheld from production on the basis of any claim of privilege or immunity should nevertheless be listed in a schedule provided to the party requesting the information.  The schedule should describe the material withheld from production with sufficient particularity as to allow the requesting party to make an informed decision as to the privileged or immune nature of the information or material, and should comply with Fed. R. Civ. P. 26(b)(5).

16. **Service of Papers**.  The parties agree that discovery requests, response or other papers, including attachments, not served via ECF may be served on counsel via email at the following email addresses.

**Plaintiff's Counsel**:  jmsmall@spigglelaw.com

**Defendant's Counsel**:  john.flood@ogletreedeakins.com

john.bolesta@ogletreedeakins.com

Such requests and responses shall be deemed to have been served by ECF delivery.  The parties agree that, pursuant to Fed. R. Civ. P. 6(d) and 5(b)(2)(E), whenever any deadline is triggered by email service of any paper or request, the responding party shall have an additional three days within which to respond.

Respectfully submitted,

/s/
_____
Jacob M. Small (VSB No. 84460)
The Spiggle Law Firm, PLLC
4830B 31st Street South
Arlington, Virginia 22206
Telephone:  (202) 449-8527
Facsimile:  (202) 540-8081
jmsmall@spigglelaw.com

*Counsel for Plaintiff*


/s/
_____
John B. Flood (VSB No. 79813)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D.C. 20006
Telephone  (202) 887-0855
Facsimile:  (202) 887-0866
John.flood@ogletreedeakins.com

*Counsel for Defendant*

16307939.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2013, I electronically filed the foregoing PROPOSED JOINT DISCOVERY PLAN with the Clerk of the Court using the CaseFile Xpress System, which will then send a notification of such filing to John B. Flood, attorney for Defendant XSport Fitness.

/s/
Jacob M. Small (VSB #84460)
The Spiggle Law Firm, PLLC
4830B 31st St., S.
Arlington, Virginia 22206
(202) 449-8527 (phone)
(202) 540-8018 (fax)
jmsmall@spigglelaw.com
tspiggle@spigglelaw.com
ATTORNEY FOR PLAINTIFFS